**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4719**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

PHILLIP ALLEN MCGEE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00053-CCE-1)

Submitted:  September 20, 2016          Decided:  October 5, 2016

Before GREGORY, Chief Judge, and WILKINSON and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Allen McGee pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced McGee to 234 months' imprisonment — a sentence below the advisory Sentencing Guidelines range. In accordance with Anders v. California, 386 U.S. 738 (1967), McGee's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning whether the district court erred in applying two sentencing enhancements and whether McGee's sentence is substantively reasonable. We affirm the district court's judgment.

We review a defendant's sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a district court's decision to apply a sentencing enhancement, "[w]e accord due deference to a district court's application of the sentencing guidelines." United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. Id. However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." Id. (alterations and internal quotation marks omitted).

2

The district court imposed a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(13)(A) (2014), concluding that "the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." For the enhancement to apply, the defendant's conduct must violate one of several environmental statutes, including the Resource Conservation and Recovery Act, see 42 U.S.C. § 6928(d) (2012).[1] USSG § 2D1.1 cmt. n.18. McGee asserts that the district court erred in applying this enhancement.

We disagree. The district court heard testimony regarding the hazardous characteristics of the chemicals used to manufacture methamphetamine.[2] The district court also heard testimony that McGee travelled in a vehicle while manufacturing methamphetamine and that he disposed of the byproduct by littering and by burning it in a barrel. These chemicals and

---

[1] Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

[2] Although McGee questions the district court's qualification of the witness as an expert in hazardous waste disposal, the Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3); see United States v. Powell, 650 F.3d 388, 392 (4th Cir. 2011).

byproducts all had the potential to cause serious harm to human health or the environment when handled improperly. See 42 U.S.C. § 6903(5) (2012). Thus, the district court properly applied the § 2D1.1(b)(13)(A) enhancement.

Counsel next questions whether the district court properly applied a four-level enhancement for McGee's role as an organizer or leader of the conspiracy. A defendant qualifies for a four-level enhancement to his offense level if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a) & cmt. n.4. The district court's determination that a defendant was an organizer or leader is a factual matter reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011).

Here, McGee introduced the "one-pot" method of manufacturing methamphetamine to the conspiracy's geographical area. Although the district court observed that this conspiracy might not have been a typical drug conspiracy, the fact remains that McGee was at the center of a large organization, taught several individuals how to manufacture methamphetamine, and had several individuals purchase pseudoephedrine and sell methamphetamine for him. We therefore conclude that the district court did not clearly err in finding that McGee acted as a leader or organizer of this conspiracy.

4

Finally, counsel questions whether McGee's below-Guidelines sentence is substantively reasonable. If a sentence is free of "significant procedural error," as is the case here, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. We conclude that McGee has failed to overcome the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McGee, in writing, of the right to petition the Supreme Court of the United States for further review. If McGee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>